The opinion of the Court was delivered by
Johnson, J.
Agreeably to the admeasurement and usual prices of work, it will not be denied that the defendant incurred a debt to the whole amount of the plaintiff’s bill; and he now attempts to reduce that amount, by setting up an agreement between them, that a certain per centage was to be deducted from the amount of the bill. There is no question that the plaintiff was competent to enter into such a contract, and if it had formed a part of the original agreement he would have been bound by it. The acquiescence of one party to a statement by the other, and under some circumstances his silence might be construed into an acknowledgment* of the truth of the statement; but in this case, so far from acquiescing or assenting to the statement made by the defendant, the plaintiff expressly denies his recollection of the existence of any such agreement. And his assenting to make a calculation, at a deduction, first at fifteen per cent, and then at twenty, at the request •of the defendant, evidently appears to have been a mere project to see what the result would be; and his immediate refusal to accept the balance found to be due on this calculation, furnishes the strongest ground to believe, that in assenting to its being made, he did not intend to consider himself bound by it. Independent of this conclusion resulting from the facts, I am inclined to think there is a legal objection to the defendant’s availing himself of this ground of defence. There is no evidence, as I before remarked, that a deduction from the usual prices formed any part of the original agreement, except the mere assertion of the defendant himself, which is certainly no proof; and if after the debt was incurred, the plaintiff had consented to make a deduction, he would not be bound by it, unless there had been some consideration moving to it, and none has been pretended to exist in this case.
Let the motion for a new trial be dismissed.
Nott, Colcock and Cheves, JJ., concurred.